# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2014

No. 12-11227

Lyle W. Cayce
Clerk

MARGARITA AVILES

Plaintiff - Appellant

v.

RUSSELL STOVER CANDIES, INCORPORATED

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-1409

Before SMITH, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Margarita Aviles ("Aviles") filed a negligence suit against her employer, Russell Stover Candies, Inc. ("Russell Stover"), in Texas state court, alleging that on or about June 16, 2010 her hand was seriously injured when it was caught in a machine during her employment. Following the injury, the Russell Stover Candies, Inc. Texas Employee Injury Benefit Plan ("the Plan") paid medical benefits, on Aviles's behalf, to her medical-care providers and disability benefits directly to Aviles. Russell Stover removed the case to the U.S. District

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court for the Northern District of Texas, and the parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c)(1).

Russell Stover moved to dismiss (or, alternatively, to stay the court proceeding pending completion of arbitration between the parties) based on the provisions of the Waiver and Arbitration Agreement ("the Agreement"), signed by Aviles. The magistrate judge agreed and dismissed the suit. Aviles timely appealed. *See id.* § 636(c)(3). Aviles contends that the magistrate judge erred in dismissing her suit because the Agreement is illusory and not binding under Texas law as a consequence of Russell Stover's retention of the right to unilaterally alter the Plan's summary description, including the arbitration procedures therein.

"[A]rbitration is a matter of contract," *Rent-A-Center, W., Inc. v. Jackson*, 130 S. Ct. 2772, 2776 (2010), so "the interpretation of an arbitration agreement is generally a matter of state law," *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010). The Federal Arbitration Act ("the FAA"), however, "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Center*, 130 S. Ct. at 2776 (citation omitted). Aviles and Russell Stover agree that Texas law governs the Agreement at issue in this case.

The Agreement provides that Aviles and Russell Stover shall arbitrate before the American Arbitration Association "any and all" disputes that arise between them. The Agreement expressly states that Aviles "acknowledge[s] and understand[s] that by signing th[e] Agreement," she is "giving up the right to a jury trial on all of the claims covered by th[e] Agreement . . . in exchange for eligibility for the Plan's medical, disability and death benefits and in anticipation of gaining the benefits of a speedy, impartial, mutually-binding dispute resolution procedure."[1] Further, the Agreement states that it may "only

---

[1] Russell Stover is a nonsubscriber to the optional Texas Workers Compensation Act. Instead, the company voluntarily established the Plan under the Employee Retirement Income

2

be revoked or modified by mutual consent evidenced by a writing signed by both [Aviles] and [Russell Stover]'s authorized representative and which specifically states an intent to revoke or modify th[e] Agreement." Finally, the Agreement lists the claims subject to arbitration, which include claims for bodily injury, as well as, "any and all claims challenging the validity or enforceability of th[e] Agreement (in whole or in part) or challenging the applicability of th[e] Agreement to a particular dispute or claim."

This final provision constitutes an "agree[ment] to arbitrate 'gateway' questions of 'arbitrability,' such as . . . whether [the parties'] agreement covers a particular controversy." *Id.* at 2777. The agreement to arbitrate that gateway question, which we will refer to as the "delegation provision," "is simply an additional, antecedent agreement" that "is severable from the remainder of the" arbitration agreement. *Id.* at 2777–78 (internal quotation marks omitted).

Under the FAA, a delegation provision is valid, "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see Rent–A–Center*, 130 S. Ct. at 2778. Delegation provisions may be clear and unmistakable evidence that the parties manifested their intent to arbitrate gateway questions of arbitrability, *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995), and courts must enforce them unless the party resisting arbitration challenges the delegation provision itself specifically, *Rent-A-Center*, 130 S. Ct. at 2777-79.

The terms of the delegation provision in this case provide clear and unmistakable evidence that Aviles and Russell Stover manifested their intent to arbitrate whether Aviles's claims are within the scope of the arbitration agreement. The delegation provision subjects to arbitration, *inter alia*, "any and all claims challenging the validity or enforceability of th[e] Agreement." Aviles's

---

Security Act of 1974 to provide medical, wage-replacement, and death benefits to Russell Stover's Texas employees injured or killed in the course and scope of their employment. Any employee who wants to participate in the Plan and be eligible for its benefits in the event of an occupational injury is required to accept the terms of the Agreement.

contention that the Agreement is invalid or unenforceable as an illusory contract is such a claim. An arbitrator, not the district court, must decide whether that claim is within the scope of the arbitration agreement. *See id.* at 2776. Moreover, because a delegation provision is severable from the rest of the arbitration agreement, it must be challenged "specifically." *Id.* at 2777-79 ("[A] party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate [contained within the challenged contract]."). Given that Aviles does not challenge the delegation provision itself specifically, her general claim that, because the arbitration procedures allegedly may be modified unilaterally by Russell Stover, her agreement to arbitrate is illusory, and therefore unenforceable, must be submitted in the first instance to the arbitrator. The magistrate judge therefore correctly dismissed Aviles's suit so that she could submit it to arbitration. The magistrate judge, however, decided Aviles's claim that her agreement to arbitrate is illusory and further determined that her underlying negligence claims were within the scope of the parties' arbitration clause. Given our analysis, the magistrate judge should have declined to decide either of those two issues.

For these reasons, we AFFIRM the judgment of the magistrate judge dismissing Aviles's suit, *see Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (stating that dismissal, as opposed to a stay pending arbitration, is proper "when *all* of the issues raised in the district court must be submitted to arbitration"), but VACATE the judgment of the magistrate judge to the extent that it decided those two issues.