**W.L. DOGGETT LLC and Doggett Heavy Machinery Services, LLC, Plaintiffs,**

v.

**PAYCHEX, INC. and John Does 1–10, Defendants.**

**Civil Action No. H–14–506.**

United States District Court, S.D. Texas, Houston Division.

Signed March 9, 2015.

---

Christopher Lee Dodson, Robert Dean Ayers, Jr., Bracewell Giuliani LLP, Houston, TX, for Plaintiffs.

Christopher B. Trowbridge, Ross A. Williams, Wendy A. Duprey, Bell Nunnally Martin LLP, Dallas, TX, for Defendants.

## *ORDER*

DAVID HITTNER, District Judge.

Pending before the Court are Defendant Paychex, Inc.'s Motion to Compel Arbitration and Dismiss or Stay, Defendant's Motion to Transfer Venue to Western District of New York, and Plaintiffs' Motion for Leave to Amend the Complaint. Having considered the motions, submissions, and applicable law, the Court determines the motion to compel arbitration should be granted, the motion to transfer venue should be denied as moot, and the motion

for leave to amend the complaint should be denied as futile.

## I. BACKGROUND

Defendant Paychex, Inc. ("Paychex") provides human resource services, such as payroll and employee benefits, to businesses. In October 2010, Plaintiffs W.L. Doggett LLC and Doggett Heavy Machinery Services, LLC (collectively, "Doggett") entered into an agreement with Paychex whereby Paychex was to provide various human resource services to Doggett. Specifically, Doggett and Paychex signed a "Paychex Major Market Services Agreement" and "Paychex Human Resource Services Agreement" (collectively, the "Contracts").[1] The Contracts contain an arbitration agreement. To provide the human resource services, Doggett or Doggett's employees had to provide Paychex with their personal information and the personal information of their dependents, such as social security numbers.

Doggett alleges that, in 2013, more than 1,000 Doggett employees or their dependents had their personal information and identities stolen due to Paychex's failure to terminate a former Doggett employee's access to the Paychex system when requested to do so by Doggett. Doggett has filed suit against Paychex and ten unidentified defendants (John Does 1–10) for the events related to this alleged identify theft, bringing the following causes of action in its first amended complaint, which was filed May 2, 2014: negligence, negligence per se, gross negligence, negligent training and supervision, fraudulent inducement, negligent misrepresentation, conversion, unauthorized access of a protected computer system with intent to defraud in violation of the Computer Fraud and Abuse Act, breach of contract, and breach of the duty of good faith and fair dealing.[2] On June 20, 2014, Paychex moved to compel arbitration in accordance with the parties' arbitration agreement in the Contracts. In the alternative, Paychex moved to transfer venue to the Western District of New York. Doggett has moved for leave to file a second amended complaint.

## II. LAW & ANALYSIS

### A. Motion to Compel Arbitration

Paychex moves to compel arbitration for two reasons: the parties allegedly agreed to have an arbitrator decide whether their claims must be arbitrated; and, even if the court were to decide whether their claims must arbitrated, this case allegedly falls within the scope of an arbitration agreement between the parties. "Ordinarily, whether a claim is subject to arbitration is a question for a court. However, if the parties have clearly and unmistakably agreed to arbitrate arbitrability, certain threshold questions—such as whether a particular claim is subject to arbitration—are for the arbitrator, and not a court, to decide." *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 262 (5th Cir.2014) (citation omitted). Such a so-called "delegation provision" is an "agree[ment] to arbitrate gateway questions of arbitrability, such as ... whether [the parties'] agreement covers a particular controversy." *Douglas v. Regions Bank*, 757 F.3d 460, 462 (5th Cir. 2014) (alternation in original) (quoting *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010)) (internal quotation marks omitted). An arbitrator must decide arbitrability if (1) the parties clearly and unmistakably intended to delegate the power to decide arbitrability to an arbitrator; and if

---

**1.** *Defendant Paychex, Inc.'s Motion to Compel Arbitration and Dismiss or Stay,* Exhibits A1–A4 *(Contracts ).*

**2.** *Plaintiffs' First Amended Complaint.*

so, (2) the assertion of arbitrability is not wholly groundless. *Id.* at 462–64. The Court will address each step of this analysis in turn.

### 1. Did the Parties Clearly and Unmistakably Intend to Delegate the Power to Decide Arbitrability to an Arbitrator?

■■■ First, the Court must examine the delegation provision to determine whether the parties clearly and unmistakably intended to delegate the power to decide arbitrability to an arbitrator. *Id.* A delegation provision "need not recite verbatim that the parties agree to arbitrate arbitrability in order to manifest clear and unmistakable agreement." *Hous. Ref., L.P. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union,* 765 F.3d 396, 410 n. 28 (5th Cir.2014). A delegation provision that gives an arbitrator the authority to resolve disputes relating to the "enforceability," "validity," or "applicability" of an arbitration agreement constitutes clear and unmistakable evidence that the parties intended to arbitrate arbitrability. *See, e.g., Rent–A–Center,* 561 U.S. at 71–72, 130 S.Ct. 2772; *Douglas,* 757 F.3d at 462 & n. 3; *Aviles v. Russell Stover Candies, Inc.,* 559 Fed.Appx. 413, 414 (5th Cir.2014). In addition, "[e]xpress incorporation of the [Rules of the American Arbitration Association] constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Crawford Prof'l Drugs,* 748 F.3d at 262–63 (citing *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.,* 687 F.3d 671, 675 (5th Cir.2012)).

■■■ It is undisputed both Doggett and Paychex entered into and signed the Contracts that each included an identical arbitration agreement, which in turn included an identical delegation provision. The arbitration agreement provides, "[A]ny dispute arising out of, or in connection with the [Contracts] will be determined only by binding arbitration in Rochester, New York, in accordance with the commercial rules of the American Arbitration Association."[3] The delegation provision provides, "Arbitrable disputes include, without limitation, disputes about the formation, interpretation, applicability, or enforceability of [the Contracts]."[4] The language of the delegation provision—signed by both parties—is clear and unmistakable evidence that the parties intended to delegate the power to decide arbitrability to an arbitrator. In addition, the parties' incorporation of the Rules of the American Arbitration Association into their arbitration agreement—again, signed by both parties—is additional clear and unmistakable evidence that the parties intended to delegate the power to decide arbitrability to an arbitrator.

Because there is a clear and unmistakable delegation provision, the Court would normally move to the second step of the analysis: whether the assertion of arbitrability is wholly groundless. However, because Doggett contends the arbitration agreement should not be enforced due to public policy and unconscionability, the Court will address whether these contentions bar enforcement of the delegation provision.

■■■ "[A] delegation provision is simply an additional, antecedent agreement that is severable from the remainder of the arbitration agreement." *Aviles,* 559 Fed. Appx. at 414 (quoting *Rent–A–Center,* 561 U.S. at 70–71, 130 S.Ct. 2772) (internal

---

**3.** *Defendant Paychex, Inc.'s Motion to Compel Arbitration and Dismiss or Stay,* Exhibits A1 at § 21, A2 at § 21, A3 at § 19, A4 at § 19 (*Contracts*).

**4.** *Defendant Paychex, Inc.'s Motion to Compel Arbitration and Dismiss or Stay,* Exhibits A1 at § 21, A2 at § 21, A3 at § 19, A4 at § 19 (*Contracts*).

quotation marks omitted). As such, a clear and unmistakable delegation provision can be challenged on any ground that exists for challenging any other contract. *Id.* (quoting *Rent–A–Center,* 561 U.S. at 70–71, 130 S.Ct. 2772). However, "because a delegation provision is severable from the rest of the arbitration agreement," such challenges must be to the "delegation provision itself specifically." *Id.* at 415 (citing *Rent–A–Center,* 561 U.S. at 70–73, 130 S.Ct. 2772). Any challenge to the arbitration agreement as a whole, the contract as a whole, or a different provision of the contract should not be decided by the court; rather, such challenges must be submitted to the arbitrator to decide when determining arbitrability pursuant to a delegation provision. *Id.* (affirming the district court's dismissal of suit so that an arbitrator could determine arbitrability pursuant to a delegation provision, but vacating the district court's determination of whether the arbitration agreement was illusory because the illusory challenge did not pertain to the delegation provision specifically); *see also Phillips v. Bestway*

*Rental, Inc.,* 542 Fed.Appx. 410, 411 (5th Cir.2013), *cert. denied,* —— U.S. ——, 134 S.Ct. 1502, 188 L.Ed.2d 378 (2014) (citing *Rent–A–Center,* 561 U.S. at 66, 71–72, 130 S.Ct. 2772).

Here, Doggett challenges the arbitration agreement on public policy and unconscionability grounds. Specifically, Doggett contends arbitration of its claims in this case would be contrary to public policy because confidential arbitration proceedings, as opposed to public litigation proceedings, would undermine prevention of identity theft. Doggett contends arbitration of its claims would be unconscionable because it did not contemplate at the time it signed the Contracts that massive identify theft would occur, the contractual language requiring arbitration is boilerplate, and Paychex had the bargaining power when negotiating the Contracts. All of these contentions are challenges to the arbitration agreement as a whole or to the Contracts as whole; they are not challenges to the delegation provision specifically.[5] As such, these challenges are for

5. In its motion to compel arbitration, Paychex clearly claims an arbitrator must decide questions of arbitrability, relying mainly on the *Rent–A–Center* case, which is cited supra. *Defendant Paychex, Inc.'s Motion to Compel Arbitration and Dismiss or Stay* at 1, 4, 7–9, 15. Despite this, in its response to Paychex's motion to compel arbitration, Doggett neither mentions the delegation provision specifically nor cites to any case construing a delegation provision. *See Plaintiffs' Response to Defendant's Motion to Compel Arbitration.* Rather, Doggett's response presents arguments as to why, allegedly, the *"arbitration agreement* is contrary to well-established public policy" and the *"arbitration agreement* in this context is unconscionable." *Plaintiffs' Response to Defendant's Motion to Compel Arbitration* at 3–8 (emphasis added). In its reply to Doggett's response, Paychex points out that Doggett "do[es] not challenge the delegation clause or even mention it. Instead, [Doggett] challenge[s] only the enforceability of the arbitration agreement as a whole." *Defendant*

*Paychex, Inc.'s Reply in Support of Motion to Compel Arbitration and Dismiss or Stay* at 11. Doggett addresses the delegation provision for the first time in its sur-reply, wherein Doggett claims the delegation provision in the Contracts should not be binding on Doggett's tort claims in this case, relying on the *Douglas* case, which is cited infra. *Plaintiffs' Sur-Reply to Defendant's Motion to Compel Arbitration* at 3–4. Such claim pertains only to the second step of the analysis: whether the assertion of arbitrability is wholly groundless. *See infra* Part II.A.2. In the section of its sur-reply that addresses the delegation provision, Doggett never asserts any public policy or unconscionability challenges. *See Plaintiffs' Sur-Reply to Defendant's Motion to Compel Arbitration.* For these reasons, it is clear Doggett has not challenged the delegation provision specifically, and neither Doggett's public policy nor unconscionability challenges to the arbitration agreement should be characterized as pertaining to the delegation provision specifically.

the arbitrator, not the court, to decide. Accordingly, Doggett's public policy and unconscionability contentions do not bar enforcement of the delegation provision, and, because the delegation provision is clear and unmistakable, it must be enforced unless the assertion of arbitrability is wholly groundless.

### 2. Is the Assertion of Arbitrability Wholly Groundless?

 Even though there is a clear and unmistakable delegation provision, an arbitrator should decide arbitrability only if the assertion of arbitrability is not wholly groundless. *Douglas,* 757 F.3d at 463–64 (5th Cir.2014). Assertion of arbitrability is not wholly groundless if, on the one hand, there is a plausible and legitimate argument that the arbitration agreement covers the present dispute, and, on the other hand, a plausible and legitimate argument that it does not. *Id.* at 463. Although such inquiry necessarily requires the court to examine the arbitration agreement, this inquiry is limited, and the resolution of the plausible and legitimate arguments regarding arbitrability must be reserved for the arbitrator. *Id.*

 Here, Doggett contends the arbitration agreement does not cover the present dispute because Doggett did not contemplate at the time it signed the Contracts that massive identify theft would occur. In other words, Doggett contends its tort claims regarding identify theft are not related to the arbitration agreement contained in the Contracts for human resource services. On the other hand, Paychex contends the parties did contemplate identify theft when they signed the Contracts because the Contracts contain a confidentiality section that required Paychex to use reasonable care to prevent the disclosure of confidential client information. Further, Paychex contends Doggett's position is undercut by its first

amended complaint wherein it states it entrusted Paychex with the personal information of its employees and their dependents and relied on Paychex's representations that it would safeguard the personal information. It is undisputed the Contracts were for human resource services and Doggett or Doggett's employees had to provide Paychex with their or their dependents' personal information in order for Paychex to be able to provide Doggett the human resource services. The Court finds both parties' contentions regarding whether the claims in this case fall within the scope of the arbitration agreement are plausible and legitimate. Therefore, the assertion of arbitrability is not wholly groundless. Accordingly, an arbitrator, not the Court, is to decide whether this case falls within the scope of the arbitration agreement.

In addition, Doggett contends the arbitration agreement should not be enforced due to public policy and unconscionability, for reasons explained supra. On the other hand, Paychex contends any public policy regarding protection of personal information can be furthered equally through arbitration as through judicial proceedings. As to unconscionability, Paychex contends arbitration of claims regarding identify theft does not come as a surprise to Doggett because the arbitration section of the Contracts is directly beneath a confidentiality section that required Paychex to use reasonable care to prevent the disclosure of confidential client information, Doggett negotiated other parts of the Contracts so it could have sought to change the arbitration agreement, and Doggett is a large company with competent counsel. The Court finds both parties' contentions regarding the public policy and unconscionability issues are plausible and legitimate. Therefore, the assertion of arbitrability is not wholly groundless. Accordingly, the resolution of these issues is reserved for an arbitrator.

### 3. Summary

The parties clearly and unmistakably intended to delegate the power to decide arbitrability to an arbitrator, Doggett has not challenged the delegation provision specifically, and Paychex's assertion of arbitrability is not wholly groundless. Accordingly, Paychex's motion to compel arbitration is granted. The parties are hereby ordered to submit the arbitrability of this case to an arbitrator in accordance with the delegation provision. The arbitrator is to decide whether the claims in this case should be arbitrated, including whether the claims fall within the scope of the arbitration agreement and whether the arbitration agreement should not be enforced due to public policy or unconscionability. Because the arbitrability of all the claims in this case must be arbitrated, this case is dismissed.[6]

### B. Motion to Transfer Venue

Because the Court has found arbitration is necessary, Paychex's motion to transfer venue to the Western District of New York is moot and thus is denied without prejudice. If the arbitrator determines some or all of Doggett's claims are not subject to arbitration and Doggett refiles such claims in federal court, Paychex may reurge its motion to transfer venue.

### C. Motion to Amend the Complaint

After the time for briefing the motion to compel arbitration had expired, Doggett moved for leave to amend its complaint a second time to add detail to its negligence per se claim and to add two causes of action: violation of the Texas Theft Liability Act, and harmful access by a computer.[7] Doggett has provided a redlined copy of its proposed second amended complaint.[8] These two new causes of action are based on substantially the same facts alleged in the first amended complaint. Also, these two new causes of action are substantially similar to causes of action already pled, namely, conversion and violation of the Computer Fraud and Abuse Act. Therefore, an arbitrator must decide the arbitrability of all the claims in the proposed second amended complaint for the same reasons an arbitrator must decide the arbitrability of all the claims in the first amended complaint. Accordingly, granting leave to amend the complaint would be futile, and Doggett's motion to amend is denied without prejudice. See Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (listing five factors to consider when determining whether to grant leave to amend a complaint, one of which is "futility of the amendment"); Lionheart Project Logistics, Inc. v. BBC Chartering USA, LLC, No. 4:11–2076, 2011 WL 3739065, at *5 n. 2 (S.D.Tex. Aug. 24, 2011) (Rosenthal, J.) (compelling arbitration and denying as futile a motion for leave to file an amended complaint because the claims in the proposed amended complaint fell within the scope the arbitration clause).

### III. CONCLUSION

Based on the foregoing, the Court hereby

---

6. Doggett requests additional time to conduct limited discovery regarding the identities of the unidentified defendants, claiming "the identities of the Doe defendants is necessary to determine if the claims and potential claims in this suit are within the scope of the arbitration agreement." *Plaintiffs' Response to Defendant's Motion to Compel Arbitration* at 8 (capitalization and emphasis omitted). Because whether the claims in this suit are within the scope of the arbitration agreement is an issue for the arbitrator to decide, the Court denies Doggett's discovery request.

7. *Plaintiffs' Motion for Leave to Amend the Complaint* at 1.

8. *Plaintiffs' Motion for Leave to Amend the Complaint*, Exhibit 2 (*Plaintiffs' Second Amended Complaint*).

**ORDERS** that Defendant Paychex, Inc.'s Motion to Compel Arbitration and Dismiss or Stay is **GRANTED.** The Court further

**ORDERS** that Defendant's Motion to Transfer Venue to Western District of New York is **DENIED WITHOUT PREJUDICE.** The Court further

**ORDERS** that Plaintiffs' Motion for Leave to Amend the Complaint is **DENIED WITHOUT PREJUDICE.** The Court further

**ORDERS** that the parties shall submit the arbitrability of this case to an arbitrator in accordance with the delegation provision contained in the parties' contracts, which are filed with this Court as Exhibits A1 through A4 to Document Number 13. The Court further

**ORDERS** that this case is hereby **DISMISSED.**

