

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| L. DOTSON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | WD78229 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | August 4, 2015 |
| DILLARD'S, INC., et al., | ) | |
| | ) | |
| Appellants. | ) | |

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Sandra C. Midkiff, Judge

**Before Division Three:** Karen King Mitchell, Presiding Judge, and
Lisa White Hardwick and Anthony Rex Gabbert, Judges

Dillard's, Inc., et al. (Dillard's) appeal the trial court's denial of their motion to dismiss and compel arbitration in a case filed by Laris Dotson, under the Missouri Human Rights Act. Dillard's argues that the arbitration agreement contained a delegation provision, directing that any disputes as to arbitrability of issues were to be determined by an arbitrator and not a court. Alternatively, Dillard's argues that the arbitration agreement was a valid, enforceable agreement, mandating the court to send the matter to arbitration. Dotson argues that the delegation provision did not provide that arbitrability was exclusively for the arbitrator; thus, the issue of arbitrability was properly before the circuit court. He further argues that the arbitration agreement is

unenforceable for a variety of reasons related to formation. Because the delegation provision clearly and unmistakably provided that arbitrability of issues was to be decided by an arbitrator, we reverse and remand with directions that the court grant Dillard's motion to compel arbitration and dismiss the case.

## Background

Dotson, a former employee of Dillard's, Inc., was terminated in January 2014, after a seven-month term of employment. Dotson filed charges for discrimination, harassment, and retaliation against Dillard's with the Missouri Human Rights Commission, and he subsequently received a Notice of Right to Sue. Respondent then filed suit against Dillard's, Inc., and several named defendants (collectively, "Dillard's") in Jackson County Circuit Court on October 14, 2014.

On October 24, 2014, Dillard's counsel sent a letter to Dotson's counsel, advising Dotson that the arbitration agreement, which included a delegation provision, "requires all decisions regarding enforceability be made by the arbitrator." The following week, Dillard's filed a motion to dismiss and to compel arbitration. The motion identified various provisions of an arbitration agreement signed by Dotson and Dillard's, and suggested that all of his claims were covered by the agreement. The motion further pointed out that the agreement contained a delegation provision, which provided as follows:

> Any dispute over a Legal Claim concerning this Agreement — the way it was formed, its applicability, meaning, enforcement, or any claim that all or part of this Agreement is void or voidable — is subject to arbitration under this Agreement. Either the Company or the Associate may bring an action in court to compel arbitration under this Agreement, to enforce an arbitration award, or to dismiss any lawsuit seeking to resolve disputes that are covered by this Agreement.

The motion argued that, pursuant to the United States Supreme Court's decision in *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010), the delegation provision mandated that an arbitrator decide any issues raised regarding enforceability of the arbitration agreement and deprived the trial court of any authority to determine arbitrability. The motion alternatively argued that the arbitration agreement was valid and enforceable and that the court should, therefore, dismiss the case and compel arbitration.

Dotson filed suggestions in opposition to Dillard's motion, arguing that the motion should be overruled for the following reasons:

> (1) Higbee West MAIN, LP (who seeks to enforce it) is not a party to the purported agreement,[1] (2) Dillard's can unilaterally modify the purported agreement (including unilaterally modifying procedures prospectively and retrospectively at any time) thus rendering it unenforceable and illusory, (3) the purported agreement is not supported by consideration, (4) there was no meeting of the minds and no mutuality of promises, (5) Dillard's waived the purported agreement (if any), (6) the procedures are unconscionable, and (7) the purported agreement violates Plaintiff's inviolate right to a jury trial.

Specifically in response to the delegation provision, Dotson argued that it was "100% contrary to . . . overwhelming Missouri law," and that Dillard's bore the burden of proving that a valid arbitration agreement existed. Dotson raised no challenge specifically directed to the validity or enforcement of the delegation provision at any point below.

The circuit court overruled Dillard's motion to dismiss and to compel arbitration, finding that the arbitration agreement, as a whole, was unenforceable due to a lack of consideration. As to the delegation provision, the court, quoting the Missouri Supreme Court's decision in *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770 (Mo. banc 2014), determined that Dotson "raise[d] claims

---

[1] In its motion to dismiss and compel arbitration, Dillard's noted that, "Although the Petition for Damages names 'Dillard's, Inc. d/b/a Dillard's' as the Defendant, the proper entity is Higbee West MAIN, LP," and relied on an affidavit from the administrative assistant to the General Counsel of Dillard's, Inc., as support. The affidavit stated that Higbee West MAIN, LP, was a Delaware limited partnership and a related entity to Dillard's, Inc. Dotson never challenged that assertion.

3

regarding the formation, and thus the validity, of the purported arbitration agreement," and "[a] claim raising a contract formation issue, in regards to the validity of an arbitration agreement, is 'subject to resolution by Missouri state courts.'" The court's judgment did not address the United States Supreme Court's decision in *Rent-A-Center*. Dillard's appeals.

## Standard of Review

"The issue of whether arbitration should be compelled is a question of law subject to de novo review." *Baker*, 450 S.W.3d at 774.

## Analysis

Dillard's raises two points on appeal. First, they argue that the circuit court erred in addressing Dotson's attack on the validity of the arbitration agreement, as a whole, because issues regarding the validity and arbitrability of Dotson's claims were delegated to the arbitrator by the delegation provision, which Dotson did not challenge below. Alternatively, Dillard's argues that Dotson's claims fell within the provisions of the arbitration agreement, which was valid and enforceable and required arbitration. Finding the first point dispositive, we do not address the second.

The arbitration agreement at issue here provides that it is to be governed by the Federal Arbitration Act (FAA). Under the FAA, "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

> If any suit or proceeding be brought . . . upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

4

9 U.S.C. § 3. "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any . . . court which, save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

"[A] party who has *not* agreed to arbitrate will normally have a right to a court's decision about the merits of its dispute . . . ." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995) (emphasis added). "But, where the party has agreed to arbitrate, he or she, in effect, has relinquished much of that right's practical value." *Id*. "The party still can ask a court to review the arbitrator's decision, but the court will set that decision aside only in very unusual circumstances." *Id*. "Hence, who—court or arbitrator—has the primary authority to decide whether a party has agreed to arbitrate can make a critical difference to a party resisting arbitration." *Id*.

"[T]he answer to the 'who' question . . . is fairly simple." *Id*. at 943. "Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." *Id*. (internal citations omitted). In other words, "arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration." *Id*.

Here, Dillard's argues that the parties agreed to submit the threshold question of arbitrability to an arbitrator through the delegation provision. Dotson did not directly challenge this proposition below. He has, however, challenged the delegation provision for the first time on appeal, arguing that it failed to expressly exclude the courts from determining questions of

arbitrability; therefore, he claims, the court committed no error.[2]  He also argues that the arbitration agreement, as a whole, was invalid.

"[T]he question of arbitrability—whether a[n] . . . agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination[,] *[u]nless the parties clearly and unmistakably provide otherwise* . . . ." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) (emphasis added).  "An agreement to arbitrate a gateway issue [such as arbitrability] is simply an additional, antecedent agreement the party seeking arbitration asks the . . . court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-A-Center*, 561 U.S. at 70.  Thus, "we look to the [a]greement to see if the parties affirmatively addressed the question of who decides arbitrability." *Sadler v. Green Tree Servicing, LLC*, 466 F.3d 623, 625 (8th Cir. 2006).  "[A]n arbitration agreement need not recite verbatim that the 'parties agree to arbitrate arbitrability' in order to manifest 'clear and unmistakable' agreement." *Houston Refining, L.P. v. United Steel, Paper and Forestry, Rubber, Mfg.*, 765 F.3d 396, 410 n.28 (5th Cir. 2014).  Rather, "[a] delegation provision that gives an arbitrator the authority to resolve disputes relating to the 'enforceability,' 'validity,' or 'applicability' of an arbitration agreement constitutes clear and unmistakable evidence that the parties intended to arbitrate arbitrability." *W.L. Doggett LLC v. Paychex, Inc.*, 2015 WL 1311226, *2 (S.D. Tex. March 9, 2015) (collecting cases).  The breadth of that authority, however, may be limited by the language used.  *See Baker*, 450 S.W.3d at 774

---

[2] Generally, we do not review claims raised for the first time on appeal because "[w]e will not convict a trial court of error for an issue not presented for its determination." *Sparks v. Sparks*, 417 S.W.3d 269, 284 (Mo. App. W.D. 2013).  But we will affirm a trial court's judgment, so long as it reached the correct result, even if we disagree with its reasoning.  *Id*. at 280.  These principles generally mean that an appellant is foreclosed from raising new arguments, while a respondent is not so limited.  We emphasize the fact that Dotson is raising this claim for the first time on appeal despite the fact that he is the respondent in this action, however, because the United States Supreme Court in *Rent-A-Center* suggested that Dotson's challenge to the delegation provision is a threshold matter that must first be determined in the trial court.  *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010).  Had Dillard's prevailed below, we would not entertain Dotson's challenge for the first time on appeal.  Given the procedural posture of this case, however, we are at liberty to address the merits of Dotson's claims.

(holding that the delegation provision's language, despite delegating authority to the arbitrator to decide questions of *enforceability* and *applicability* of the agreement, failed to expressly delegate authority to the arbitrator to decide issues related to *formation* of the agreement; thus, the question regarding formation of the contract was not delegated to the arbitrator).

Dillard's argues that the court below erred in finding the arbitration agreement unenforceable due to a defect in contract formation (i.e. lack of consideration), because the delegation provision left this matter to the arbitrator and Dotson failed to raise any independent challenges to the delegation provision, itself.

In *Rent-A-Center,* the United States Supreme Court addressed the question of "whether, under the [FAA] . . . , a district court may decide a claim that an arbitration agreement is unconscionable, where the agreement explicitly assigns that decision to the arbitrator" through a delegation provision. *Rent-A-Center*, 561 U.S. at 65. The Court first addressed prior case law analyzing challenges to arbitration provisions, generally, noting:

> There are two types of validity challenges under § 2 [of the FAA]: "One type challenges specifically the validity of the agreement to arbitrate," and "[t]he other challenges the contract as a whole, either on a ground that directly affects the entire agreement (e.g., the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid."

*Id*. at 70 (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006)). "[O]nly the first type of challenge is relevant to a court's determination whether the arbitration agreement at issue is enforceable." *Id*. "Thus, a party's challenge to another provision of the contract, *or to the contract as a whole*, does not prevent a court from enforcing a specific agreement to arbitrate." *Id*. (emphasis added). For example, "even where . . . the alleged fraud that induced the whole contract equally induced the agreement to arbitrate which was part of that contract[,

7

the Court] nonetheless require[s] the basis of challenge to be directed specifically to the agreement to arbitrate before [a] court will intervene." *Id*. at 71.

The Court also noted that a delegation provision is nothing more than a "'written provision . . . to settle by arbitration a controversy.'" *Id*. (quoting 9 U.S.C. § 2). And it is to be treated like any other arbitration agreement under the FAA. *Id*. at 70. Thus, relying on the prior case law analyzing challenges to an arbitration agreement within a larger contract, the Court held that, "unless [a party] challenge[s] the delegation provision specifically, [courts] must treat it as valid under § 2 [of the FAA], and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the [a]greement as a whole for the arbitrator." *Id*. at 72.

Accordingly, when a party seeking to compel arbitration relies upon a delegation provision, the court must enforce that provision if it clearly and unmistakably provides authority for an arbitrator to determine arbitrability of the issues, *AT & T Techs., Inc.*, 475 U.S. at 649, unless the opposing party directly challenges the enforceability of the delegation provision, itself. *Rent-A-Center*, 561 U.S. at 71-72.

The provision here provided that:

> Any dispute over a Legal Claim concerning this Agreement — the way it was formed, its applicability, meaning, enforcement, or any claim that all or part of this Agreement is void or voidable — is subject to arbitration under this Agreement. Either the Company or the Associate may bring an action in court to compel arbitration under this Agreement . . . or to dismiss any lawsuit seeking to resolve disputes that are covered by this agreement.

As Dillard's correctly points out, Dotson never raised any challenge below to the delegation provision itself; though he challenged the validity and enforceability of the arbitration agreement, *as a whole*, he never suggested that the delegation provision either failed to clearly and unmistakably grant authority to the arbitrator to determine arbitrability of the issues or that it was otherwise unenforceable. Now, for the first time on appeal, Dotson argues that the

8

purported delegation provision is, in fact, not a delegation provision at all (thus excusing his failure to specifically challenge it below) because it fails to expressly *exclude* courts from deciding issues of arbitrability. He couches this argument in terms of the provision failing to meet the clear and unmistakable language test. In other words, Dotson now argues that, to clearly and unmistakably delegate issues of arbitrability to an arbitrator, a delegation provision must not only grant authority to an arbitrator but also expressly exclude courts from deciding the issue. We disagree.

In the absence of a challenge to the enforceability of a delegation provision, the only question for a court faced with a motion to compel arbitration is whether the delegation provision clearly and unmistakably delegated authority to the arbitrator to determine issues of arbitrability. *First Options*, 514 U.S. at 944; *Rent-A-Center*, 561 U.S. at 70 n.1.[3] As mentioned above, this threshold test is met if the provision "gives an arbitrator the authority to resolve disputes relating to the 'enforceability,' 'validity,' or 'applicability'," *W.L. Doggett LLC*, 2015 WL 1311226, at \*2, as well as "formation" of the agreement. *Baker*, 450 S.W.3d at 774. The provision here plainly gives the arbitrator authority to determine arbitrability of the issues in stating that "Any dispute over a Legal Claim concerning this Agreement — the way it was formed, its applicability, meaning, enforcement, or any claim that all or part of this Agreement is void or voidable — is subject to arbitration under this Agreement."

Though Dotson argues that the delegation provision fails to meet the "clear and unmistakable" language test, his argument is based upon the absence of any express language excluding the courts from deciding issues of arbitrability. His claim is *not* that the delegation provision *fails* to give the arbitrator authority to determine issues of arbitrability; rather, his

---

[3] In *Rent-A-Center*, the Court noted that the "clear and unmistakable" standard "pertains to the parties' *manifestation of intent*, not the agreement's *validity*." *Rent-A-Center*, 561 U.S. at 70 n.1 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

claim is that the provision fails to *divest* the trial court of the authority it has under the Missouri Constitution to decide issues of arbitrability. He argues, essentially, that the delegation provision merely provided concurrent authority to an arbitrator to determine issues of arbitrability, thus rendering the provision permissive, allowing either party, at its option, to bring disputes to either the court or an arbitrator. This argument lacks merit.

The provision immediately following the grant of authority to the arbitrator to determine issues of arbitrability provides that "[e]ither the Company or the Associate may bring an action in court to compel arbitration under this Agreement . . . or to dismiss any lawsuit seeking to resolve disputes that are covered by this agreement." This type of provision has been repeatedly interpreted as mandating arbitration, despite the use of the permissive term, "may." *See MFA, Inc. v. HLW Builders, Inc.*, 303 S.W.3d 620, 624, 624 n.1 (Mo. App. W.D. 2010) (holding that "[t]he use of the word 'may' grants one side a right to pursue arbitration if it wished and mandatory arbitration is required when one side so requests," and collecting supporting cases). If the delegation provision simply provided concurrent authority between the arbitrator and the court, allowing either party to elect the forum as Dotson suggests, the mandatory arbitration provision cited above would be rendered meaningless. "[C]onstruction [of a contract] that would render a provision meaningless should be avoided." *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 429 (Mo. banc 2003).

In any event, Dotson's interpretation adds an unnecessary requirement to the "clear and unmistakable" language test: express exclusion of the courts as a potential forum for determining issues of arbitrability. As stated in both *Houston Refining* and *W.L. Doggett*, to meet the test, a provision need only provide authority to the arbitrator; nothing requires that the provision, to be effective, also expressly exclude courts as an available forum. And, when

10

considering the mandatory nature of the delegation provision, Dotson's argument becomes nonsensical.

To support his claim that the lack of exclusivity language renders the delegation provision unclear, Dotson relies on *Baker*. There, a dispute arose regarding applicability of an arbitration agreement, and the party seeking to compel arbitration cited a delegation provision and *Rent-A-Center* as authority for having the arbitrator determine arbitrability. *Baker*, 450 S.W.3d at 773-74. The Court in *Baker* rejected application of the delegation provision. *Id*. at 774. But, contrary to Dotson's argument, *Baker* did not reject United States Supreme Court authority in favor of Missouri public policy; rather, the Court in *Baker* simply distinguished the delegation provision at issue from the one in the *Rent-A-Center* case. *Id*. The agreement at issue in *Rent-A-Center* contained the following delegation provision:

> [T]he Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute *relating to the interpretation, applicability, enforceability or formation of this Agreement* including, but not limited to any claim that all or any part of this Agreement is void or voidable.

*Rent-A-Center*, 561 U.S. at 66 (emphasis added). The delegation provision in *Baker*, however, provided: "The arbitrator has exclusive authority to resolve any dispute *relating to applicability or enforceability* of this Agreement." *Baker*, 450 S.W.3d at 773-74 (emphasis added). "Unlike the agreement at issue in *Rent-A-Center*, the arbitration agreement in [*Baker*] d[id] not delegate to the arbitrator disputes regarding contract *formation*." *Id*. at 774 (emphasis added). The Court held that "[a] dispute 'relating to the applicability and enforceability' of the agreement presupposes the formation of a contract." *Id*. Because the party opposing arbitration raised a claim challenging the formation of the contract (lack of adequate consideration), the delegation provision did not cover the issue, and arbitrability of the dispute became an issue for the courts, and not the arbitrator. *Id*.

The delegation provision here, unlike that in *Baker*, expressly provides authority for the arbitrator to decide claims regarding contract formation. And Dotson's "argument that there was no consideration to create a valid agreement raises a contract formation issue."[4] *Id.* The delegation provision here is much more like the provision in *Rent-A-Center* than the provision in *Baker*. Accordingly, the *Baker* decision confirms our result.

Furthermore, another court that has examined this very delegation provision determined that it "clearly and unmistakably provides the arbitrator with authority to decide whether the [arbitration agreements] are unconscionable and unenforceable." *Chen v. Dillard's Inc.*, 2012 WL 4127958, *2 (D. Kan. 2012).

Dotson urges us to ignore the *Chen* decision on the grounds that it comes from a Kansas federal trial court and, thus, is not an appellate decision. But those facts, alone, do not mean that it was wrong. Dotson presents us with no reason whatsoever to disagree with the *Chen* decision, and we see none. Though we are not bound to follow the decision for the reasons Dotson noted, that does not preclude us from finding it persuasive. Thus, because the delegation provision clearly and unmistakably provides for the arbitrator to determine arbitrability, absent a challenge to the validity of the provision, itself, it is enforceable. And, in the absence of a specific challenge to the validity of the delegation provision, 9 U.S.C. § 2, as well as the United States Supreme Court's decision in *Rent-A-Center*, required the circuit court to treat the delegation provision as valid.[5]

---

[4] To the extent Dotson is now challenging the enforceability of the delegation provision—as opposed to whether it clearly and unmistakably delegates authority to the arbitrator (addressed in note 2, *supra*)—he is too late. He needed to raise any challenge to the enforceability of the delegation provision with the trial court. By not doing so, he has now waived the right to bring such a challenge. *See Katz v. Anheuser-Busch, Inc.*, 347 S.W.3d 533, 540 (Mo. App. E.D. 2011) (holding that "[b]y failing to plead or argue the issue of the delegation clauses before the trial court, A-B has waived this issue in its appeal.").

[5] There is one possible exception: Dotson's claim that Higbee West MAIN, LP, was not a proper party to enforce the arbitration agreement may have been a threshold issue for the court's determination. *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1127 (9th Cir. 2013) (holding that the delegation provision was limited to the

12

Accordingly, the question of arbitrability of Dotson's claims is a matter for the arbitrator, and the circuit court erred in determining the question of arbitrability. All of the claims related to the second point on appeal are proper matters for the arbitrator to determine.

Point I is granted. In light of this disposition, we do not reach Point II.

**Conclusion**

Because the arbitration agreement contained a delegation provision that clearly and unmistakably provided authority to the arbitrator to determine the arbitrability of the issues, and because Dotson waived any specific challenges he may have had to the enforceability of the delegation provision, the circuit court erred in overruling the motion to dismiss and compel arbitration. Its decision is reversed, and the matter is remanded with directions that the circuit court dismiss Dotson's case and compel arbitration.[6]

Karen King Mitchell, Presiding Judge

Lisa White Hardwick and Anthony Rex Gabbert, Judges, concur.

---

parties identified therein, and party seeking to compel arbitration was not one of those parties). Even though the trial court did not address this claim, we find it to be meritless, as the arbitration agreement expressly stated, in the definitions section:

> "Dillard's" or the "Company" means Dillard's, Inc. and all present and past subsidiaries, Limited Liability Partnerships and affiliated companies, all retirement, pension and benefit committees and all officers, directors, fellow associates, managers, supervisors and all agents in their personal or official capacities.

Thus, it is clear that Higbee West MAIN, LP, as a related entity of Dillard's, Inc., was covered by the arbitration agreement.

[6] Though the FAA does not provide for dismissal as the appropriate disposition upon granting a motion to compel arbitration, the delegation provision at issue here allowed for either party to seek dismissal in addition to compelling arbitration.