

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| TIFFANY STUBBLEFIELD, ET AL., | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | |
| vs. | ) | WD79464 |
| | ) | |
| BEST CARS KC, INC., | ) | Opinion filed:  November 22, 2016 |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**
**THE HONORABLE JANET SUTTON, JUDGE**

Before Division Three:  Alok Ahuja, Presiding Judge,
Victor C. Howard, Judge and James E. Welsh, Judge

Best Cars KC, Inc. appeals from the trial court's order denying its motion to compel arbitration and stay proceedings.  It contends that the trial court erred in denying its motion because the parties entered into a valid and enforceable written arbitration agreement encompassing the claims.  The order is affirmed.

## Factual and Procedural Background

On April 27, 2015, Tiffany and Kenneth Stubblefield filed a petition against Best Cars asserting claims for violations of the Missouri Merchandising Practices Act, fraud, negligent misrepresentation, and declaratory judgment arising out of an automobile sales transaction between the parties.  The Stubblefields alleged that Best Cars sold them an automobile but never provided them with the title for it and later repossessed it.

On June 5, 2015, Best Cars filed a motion to compel arbitration and stay proceedings. It asserted that the Stubblefields were bound to arbitrate the matter under the arbitration clause contained in the sales contract attached to their motion. The parties executed a one page, two-sided printed form contract. The front of the agreement contained boxes with the buyers' names, addresses, and phone numbers and information identifying the vehicle—VIN number, year, make, model, color. The purchase price of the car, fees, down payment, and total amount due were also filled in. The front page also contained a box with the provision, "THE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE OF THIS ORDER ARE INCORPORATED BY REFERENCE AND ARE A PART OF THIS ORDER." Signatures appeared at the bottom of the front side of the form beneath a sentence indicating, "BUYER HAS READ ALL PAGES OF THIS AGREEMENT AND AGREES TO ALL TERMS AND CONDITIONS IN THIS AGREEMENT." Directly above that sentence was a checkbox with the sentence, "BUYER ACKNOWLEDGES THAT IF THIS BOX IS CHECKED, THIS AGREEMENT CONTAINS AN ARBITRATION CLAUSE." The box was not checked.

The back side of the agreement was labeled, "ADDITIONAL TERMS AND CONDITIONS." Seventeen terms and conditions were then specified. Number 17 was set off in a box at the bottom of the page. It provided, in pertinent part:

> 17 <u>ARBITRATION CLAUSE</u>. PLEASE REVIEW—IMPORTANT—AFFECTS YOUR LEGAL RIGHTS
> 1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
> ….
> 3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute, or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors, or assigns, which arises out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by a neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you have to arbitrate a class action.

….

Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. §1, et seq.) and not by any state law concerning arbitration.

You and we retain any rights of self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This clause shall survive any termination, payoff or transfer of this contract….

The Stubblefields opposed Best Cars' motion to compel arguing that the face of the sales contract showed that they did not agree to the arbitration clause in the contract. Specifically, they alleged that the checkbox with the sentence "Buyer acknowledges that if this box is checked, this agreement contains an arbitration clause" was not checked. The trial court denied Best Cars motion to compel arbitration. This appeal by Best Cars followed.

**Standard of Review**

Best Cars raises three points on appeal challenging the trial court's denial of its motion to compel arbitration. The judgment of the trial court is affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Robinson v. Title Lenders, Inc.*, 364 S.W.3d 505, 510 (Mo. banc 2012). Appellate review of the denial of a motion to compel arbitration is *de novo*. *Id.*

3

**I. Validity of arbitration agreement is determined by the courts**

In the first point addressed, Best Cars contends that the arbitrator should have decided whether the parties agreed to arbitrate. It contends that the arbitration agreement properly delegated the interpretation and scope of the arbitration agreement and the arbitrability of the claims to the arbitrator.

In the absence of a challenge to the enforceability of a delegation provision, when a party seeking to compel arbitration relies upon such a provision, the provision must be enforced if it clearly and unmistakably provides authority for an arbitrator to determine arbitrability of the issues. *Dotson v. Dillard's, Inc.*, 472 S.W.3d 599, 605 (Mo. App. W.D. 2015). The arbitration clause in paragraph 17 provided:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors, or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship…shall, at your or our election, be resolved by a neutral, binding arbitration and not by a court action.

Best Cars relies on *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010), and *Dotson v. Dillard's, Inc.*, 472 S.W.3d 599 (Mo. App. W.D. 2015), to support its argument that the action below should have been referred to arbitration to determine the threshold arbitrability question. In *Rent-A-Center*, the plaintiff argued that the arbitration agreement was not enforceable because it was unconscionable under Nevada law. 561 U.S. at 65. The delegation provision of the arbitration agreement provided, "The Arbitrator…shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement." *Id.* at 66. The United States Supreme Court held that that delegation provision vested the arbitrator, not the courts, with the authority to determine whether the agreement was unconscionable. *Id.* at 70-72. In *Dotson*, the employee argued that the arbitration agreement was invalid and unenforceable

4

in part because it lacked consideration. 472 S.W.3d at 602. The delegation provision in *Dotson* provided, "Any dispute over a Legal Claim concerning this Agreement—the way it was formed, its applicability, meaning, enforcement, or any claim that all or part of this Agreement is void or voidable—is subject to arbitration under this Agreement." *Id.* at 605. This court determined that the delegation provision expressly provided authority for the arbitrator to decide claims regarding contract formation and that the employee's argument that there was no consideration to create a valid agreement raised a contract formation issue. *Id.* at 607.

The Stubblefields' claim that they never agreed to arbitration raised a contract formation issue. Unlike in the arbitration agreements in *Rent-A-Center* and *Dotson*, the arbitration clause in this case did not clearly and unmistakably delegate to the arbitrator disputes regarding contract formation. *See Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. banc 2014)(where delegation provision of arbitration provision provided that the arbitrator would resolve disputes "relating to the applicability or enforceability" of the agreement, it did not delegate to the arbitrator disputes regarding contract formation; therefore plaintiff's claim that there was no consideration to create a valid agreement was subject to resolution by the courts). Thus, the contract formation issue raised by the Stubblefields was subject to resolution by the courts. The point is denied.

## II. Validity of arbitration agreement

In its next two points, Best Cars contends that the parties entered into a valid and enforceable written arbitration agreement encompassing the Stubblefields' claims. They assert alternatively that to the extent that the contract was ambiguous on the subject of arbitration, the trial court erred by not resolving the ambiguity in favor of arbitration.

"Missouri contract law applies to determine whether the parties have entered a valid agreement to arbitrate." *Robinson*, 364 S.W.3d at 510 (internal quotes and citation omitted);

5

*Baker*, 450 S.W.3d at 774 (internal quotes and citation omitted). "The essential elements of any contract, including one for arbitration, are offer, acceptance, and bargained for consideration." *Baker*, 450 S.W.3d at 774 (internal quotes and citation omitted). It is firmly established that parties can be compelled to arbitrate only pursuant to an agreement where they have agreed to arbitrate claims. *Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 436 (Mo. App. W.D. 2010). It follows, therefore, that arbitration may not be unilaterally imposed on a party when there is not a valid and enforceable agreement to arbitrate. *Id.*

The Stubblefields did not agree to arbitrate. The sales contract in this case contained a checkbox with the sentence, "BUYER ACKNOWLEDGES THAT IF THIS BOX IS CHECKED, THIS AGREEMENT CONTAINS AN ARBITRATION CLAUSE." The plain meaning of the sentence is that if the box is checked, the arbitration clause in paragraph 17 on the back of the contract is included as a term in the sales contract. The box was not checked or marked in any way. Consequently, the arbitration clause was not incorporated into the sale contract.

Best Cars asserts that even though the box was not checked, the Stubblefields agreed to be bound by all of the terms and conditions on both sides of the contract, including the arbitration clause. It cite *Kates v. Chad Franklin Nat. Auto Sales North, LLC,* 2008 WL 5145942 (W.D. Mo. 2008), to support its argument. *Kates* is, however, distinguishable from the instant case. In *Kates*, the purchaser of an automobile signed a sales contract that included an identical checkbox and sentence concerning an arbitration clause found on the reverse side of the contract. *Id.* at *3. The buyer also executed a separate arbitration agreement contemporaneously with the sales contract. *Id.* at *4. The purchaser argued that the sales contract cancelled the arbitration agreement because the sales contract contained a merger clause providing that the sales agreement "cancels and supersedes any prior agreement" and because the checkbox was not checked on the sales contract.

6

*Id.* The court found that the separate arbitration agreement was not merged out of the contract between the parties and that the buyer's actions demonstrated an intent to be bound by the separate arbitration agreement. *Id.* It reasoned that the merger clause involved prior agreements and the separate arbitration agreement was executed contemporaneously with the sales contract and the checkbox in the sales contract referred to the arbitration clause on the back of that contract, not the separate arbitration agreement signed by the buyer. *Id.*

In this case, unlike in *Kates*, a separate arbitration agreement was not signed. The only arbitration agreement at issue here was the arbitration clause found on the back of the sales contract. The checkbox and sentence on the front of the contract referred to that arbitration clause on the back. The unambiguous language of the sentence indicated that the arbitration clause was incorporated into the sales contract only if the box was marked. It was not marked.[1] Where the language of a contract is unambiguous, a court must construe the contract as written giving terms their plain and ordinary meaning. *Gavan v. Bituminous Cas Corp.*, 242 S.W.3d 718, 720 (Mo. banc 2008). Because the parties did not enter into an arbitration agreement, the trial court did not err in denying Best Cars motion to compel arbitration. The points are denied.

The order of the trial court is affirmed.

_____
VICTOR C. HOWARD, JUDGE

All concur.

---

[1] While the sales contract contained the general provision "BUYER HAS READ ALL PAGES OF THIS AGREEMENT AND AGREES TO ALL TERMS AND CONDITIONS IN THIS AGREEMENT," the checkbox provision specifically regarding incorporation of the arbitration provision into the contract controlled. *See Jimenez v. Cintas Corp.*, 475 S.W.3d 679, 687 (Mo. App. E.D. 2015)("[W]hen construing the language of a contract, specific terms and provisions are given preference over general terms."); *Five Star Quality Care-MO, L.L.C. v. Lawson*, 283 S.W.3d 811, 815 (Mo. App. W.D. 2009)("When a provision of a contract deals with a specific situation, it will prevail over a more general provision if there is ambiguity or inconsistency between them.").