RICHARD B. TEITELMAN, Judge.
Bristol Care Inc. and David Furnell (Appellants) appeal an order overruling their motion to compel arbitration. They contend that the circuit court erred by not compelling arbitration because the arbitration agreement between Bristol and its employee, Carla Baker, is valid and enforceable.
This Court affirms the circuit court’s order because there was no consideration to create a valid arbitration agreement.[1] First, Baker’s continued at-will employ *773 ment does not provide consideration for the arbitration agreement. Second, the fact that Bristol retroactively could modify, amend or revoke the agreement means that Bristol’s promise to arbitrate is illusory and does not constitute consideration for Baker’s agreement to arbitrate.
FACTS
Bristol promoted Baker from her position as an hourly employee to a salaried managerial position at one of Bristol’s long-term care facilities. Bristol drafted an employment agreement and arbitration agreement for Baker to sign. The parties signed the agreements contemporaneously at the time of Baker’s promotion.
The employment agreement provided that Baker’s employment would “continue indefinitely” unless Baker gave 60 days notice or Bristol elected to terminate her employment in one of four ways: (1) with five days’ written notice “at [Bristol’s] sole option;” (2) without notice if Bristol paid Baker five days’ compensation; (3) without notice if, in Bristol’s “sole opinion,” Baker violates the employment agreement in a way that “jeopardizes the general operation of the facility or the care, comfort or security of its residents;” or (4) without notice for “dishonesty, insubordination, moral turpitude or incompetence.” The employment agreement also provided that Baker would receive increased pay and employment benefits, including a license to live in the facility rent-free.
The arbitration agreement provides that all legal claims the parties may have against one another will be resolved by binding arbitration. The arbitration agreement provides that consideration consists of Baker’s continued employment and mutual promises to resolve claims through arbitration. Section 3 of the arbitration agreement, titled “Employment-At-Will,” provides:
This Agreement is not, and shall not be construed to create, a contract of employment, express or implied, and does not alter Employee’s status as an at-will employee. Notwithstanding this Agreement, either Employee or Company can terminate the employment ... at any time, for any reason, with or without cause at the option of the Employee or the Company.
Finally, the arbitration agreement provides that Bristol specifically “reserves the right to amend, modify or revoke this agreement upon thirty (30) days’ prior written notice to the Employee.”
Bristol terminated Baker from her position as administrator of the long-term care facility. Baker filed a class action lawsuit against Appellants seeking compensation for allegedly unpaid overtime hours. Appellants filed a motion to compel arbitration. The circuit court overruled the motion. This appeal followed.
ANALYSIS
Section 435.440, RSMo 2000,[2] provides that an appeal may be taken from an order denying an application to compel arbitration made under section 435.355. The order denying Bristol’s motion to compel arbitration is appealable.

I. Validity of the arbitration agreement is determined by the courts

Appellants assert that the arbitrator should decide any questions of enforceability because both Bristol Care and Baker agreed to have the arbitrator do so in the arbitration agreement. The arbitration agreement provides: “The arbitrator has exclusive authority to resolve any dis *774 pute relating to applicability or enforceability of this Agreement.”
Appellants rely on Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010). In Rent-A-Center, the arbitration agreement provided that the arbitrator “shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement.” Id. at 2775. (Emphasis added). The employee argued that the agreement was 'not enforceable because it was unconscionable under Nevada law. Id. The United States Supreme Court held that the delegation provision vested the arbitrator, not the courts, with the authority to determine whether the agreement was unconscionable. Id. at 2778-79.
The arbitration agreement in this case provides that the arbitrator will resolve disputes “relating to the applicability or enforceability” of the agreement. Unlike the agreement at issue in Rentr-A-Center, the arbitration agreement in this case does not delegate to the arbitrator disputes regarding contract formation. A dispute “relating to the applicability or enforceability” of the agreement presupposes the formation of a contract. Baker’s argument that there was no consideration to create a valid agreement raises a contract formation issue rather than an applicability or enforceability issue.
Although federal law preempts state laws that invalidate arbitration agreements on public policy grounds, state courts are permitted to apply state law defenses to the formation of the particular contract at issue. Brewer v. Missouri Title Loans, 364 S.W.3d 486, 492 (Mo. banc 2012); Robinson v. Title Lenders, Inc., 364 S.W.3d 505, 510 (Mo. banc 2012). Baker’s claim raises a contract formation issue that is subject to resolution by Missouri state courts.

II. Validity of Arbitration Agreement

The issue of whether arbitration should be compelled is a question of law subject to de novo review. State ex rel. Vincent v. Schneider, 194 S.W.3d 853, 856 (Mo. banc 2006). “Missouri contract law applies to determine whether the parties have entered a valid agreement to arbitrate.” Id. “The essential elements of any contract, including one for arbitration, are “ ‘offer, acceptance, and bargained for consideration.’ ” Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. banc 1988). Consideration “consists either of a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party.” Morrow v. Hallmark Cards, Inc., 273 S.W.3d 15, 25 (Mo.App.2008).
Appellants argue that there are two sources of consideration for the arbitration agreement: (1) Baker’s promotion, continued employment and attendant benefits; and (2) Bristol’s promise to arbitrate its claims arising out of the employment relationship between it and Baker and to assume the costs of arbitration. “If two considerations are given for a promise, one of them being legally sufficient to support a promise and the other not sufficient, the promise is enforceable.” Earl v. St. Louis Univ., 875 S.W.2d 234, 236-237 (Mo.App. 1994) (citing 1 Corbin on Contracts, § 126 (1963)). The arbitration contract, therefore, is enforceable if either source of consideration is valid.

A. Continued Employment

Bristol argues that Baker’s acceptance of continued employment, with the attendant increase in salary and benefits, plus the limits on Bristol’s right to terminate her employment, constitute consideration to support the arbitration agree *775 ment. Baker argues that her employment remained at-will and that continued at-will employment does not constitute valid consideration to support the arbitration agreement.
The Missouri Court of Appeals has held that continued at-will employment is not valid consideration to support an agreement requiring the employee to arbitrate his or her claims against the employer. See, e.g., Whitworth v. McBride & Son Homes, Inc., 844 S.W.3d 730, 741 (Mo.App.2011); Frye v. Speedway Chevrolet Cadillac, 321 S.W.3d 429, 438-439 (Mo.App.2010); Morrow, 273 S.W.3d at 26. An offer of continued at-will employment is not valid consideration because the employer makes no legally enforceable promise to do or refrain from doing anything it is not already entitled to do. The employer still can terminate the employee immediately for any reason. Morrow, 273 S.W.3d at 26-27. While the federal courts have reached a different result, this Court rejects that approach and, instead, adopts the analysis employed by Morrow and subsequent court of appeals cases, which hold that continued at-will employment is not valid consideration to create an enforceable contract.[3] The issue becomes whether the employment and arbitration agreements altered Baker’s status as an at-will employee.
The at-will employment doctrine is well-established in Missouri law. Margiotta v. Christian Hosp. Ne. Nw., 315 S.W.3d 342, 345 (Mo. banc 2010) (citing Johnson v. McDonnell Douglas Corp., 745 S.W.2d at 661). Absent an employment contract with a “definite statement of duration ... an employment at will is created.” Id. citing Luethans v. Washington Univ., 894 S.W.2d 169 (Mo. banc 1995). An employer may terminate an at-will employee “for any reason or for no reason.” Id. (citing Crabtree v. Bugby, 967 S.W.2d 66, 70 (Mo. banc 1998)). Key indicia of at-will employment include indefinite duration or employment and the employer’s option to terminate the employment immediately without cause.
The employment agreement provides that Baker’s employment will “continue indefinitely” unless Bristol elected to terminate Baker by giving her five days’ written notice “at [Bristol’s] sole option” or terminating her without notice and paying Baker five days’ compensation. The employment agreement permits Bristol to terminate Baker immediately without notice for any reason by paying her what amounts to a severance package worth five days’ pay. There is no guaranteed duration of employment. The lack of a defined duration of employment is consistent with at-will employment.
The arbitration agreement drafted by Bristol confirms that the parties understood that Baker was an at-will employee. Section 3 of the arbitration agreement provides that the agreement “does not alter Employee’s status as an at-will employee.” The agreement then provides that “[n]ot-withstanding this Agreement, either Employee or Company can terminate the employment ... at any time, for any reason, with or without cause at the option of the Employee or the Company.” These provisions amount to an unequivocal, positive *776 representation by Bristol that Baker’s status is that of “an at-will employee.” Under these facts, Baker is an at-will employee. The various promises that the parties exchanged were all incidents of Baker’s continued at-will employment. Neither Baker’s continued at-will employment nor the incidents of that employment provide consideration supporting an obligation to arbitrate disputes with Bristol.
Bristol asserts that the statement in the arbitration agreement providing that Baker is “an at-will employee” does not govern because the arbitration agreement is a dispute resolution document, not an employment agreement. As noted, Bristol drafted an employment agreement and an arbitration agreement for Baker to sign. The parties acknowledge .that the agreements were executed contemporaneously. Documents that are executed contemporaneously are considered together as a single agreement. State ex rel. Johnson v. JF Enterprises, LLC, 400 S.W.Sd 763, 764 (Mo. banc 2013). If possible, all provisions in the various documents should be harmonized in order to effectuate the parties’ intent. Id. at 770 (citing, J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club, 491 S.W.2d 261, 264 (Mo. banc 1973)). When considered together, as one agreement, Bristol’s argument amounts to an effort to disclaim its specific statement that Baker’s employment was at-will as well as the fact that Bristol retained the right to terminate Baker’s employment at any time for any reason. Baker was an at-will employee and remained so after she signed the employment and arbitration agreements.
Bristol also asserts that Baker’s entitlement to severance pay following termination without notice constitutes consideration above and beyond continued at-will employment. Even if Baker had legal recourse to recover her severance pay, the fact remains that her term of employment was indefinite, Bristol retained the right to terminate her employment immediately without cause, Baker had no recourse to challenge her termination beyond the legally recognized exceptions to the at-will employment doctrine, and Bristol affirmatively and unequivocally stated that Baker’s status is that of “an at-will employee.” Under these circumstances, the obligation to pay severance is not sufficient to alter Baker’s status as an at-will employee. See Karzin v. Collett, 562 S.W.2d 397, 400 (Mo.App.1978) (indicating that employment was at-will when employee was entitled to severance but could be fired immediately without cause). Baker’s severance pay was a term and condition of her at-will employment.

B. Mutual Promises to Arbitrate

Appellants contend that the arbitration agreement also is supported by mutual promises to arbitrate. As the dissent explains at length, bilateral contracts are supported by consideration and enforceable when each party promises to undertake some legal duty or liability. Sumners v. Serv. Vending, Co., Inc., 102 S.W.3d 37, 41 (Mo.App.2003). These promises, however, must be binding, not illusory. Id. A promise is illusory when one party retains the unilateral right to amend the agreement and avoid its obligations. Morrow, 273 S.W.3d at 25.
In this case, Bristol’s alleged mutual promise to arbitrate is conditioned on Bristol’s unilateral “right to amend, modify or revoke this agreement upon thirty (30) days’ prior written notice to the Employee.” The quoted language does not limit Bristol’s authority to modify the arbitration agreement unilaterally and retroactively. If Bristol retains unilateral authority to amend the agreement retroactively, *777 its promise to arbitrate is illusory and is not consideration.[4]
Bristol asserts that the requirement of prior written notice means that any modifications must apply prospectively only. The fact that Bristol must give prior written notice of an amendment to the arbitration agreement does not preclude Bristol from giving Baker prior written notice that, effective in thirty days, Bristol retroactively is disclaiming a promise made in the arbitration agreement. For instance, if in the course of an ongoing arbitration process, Bristol concluded that the process was not favorable, Bristol could provide Baker notice that, effective in 80 days, it no longer would consider itself bound by the results of the arbitration. While the dissent concludes summarily that no court would adopt a construction of the agreement allowing Bristol to disclaim or modify its arbitration promises unilaterally at any time for its own benefit, the fact remains that the language of the agreement would permit Bristol to do just that.
Appellants cite Pierce v. Kellogg, Brown & Root, Inc., 245 F.Supp.2d 1212, 1215-16 (E.D.Okla.2003) for the proposition that the notice requirement in the arbitration agreement renders the promise sufficiently binding to provide consideration. Aside from the fact that Pierce is not binding authority on this Court, the case is distinguishable because the agreement at issue not only required 10 days’ notice to the employee of any modification, it also expressly provided that any amendment would not be effective “as to disputes ... for which a proceeding ha[d] been initiated pursuant to the Rules.” (quoting contract language). Unlike this case, the employer in Pierce expressly was limited to prospective amendment of the arbitration agreement. Contracts, like the arbitration agreement in this case, that permit unilateral, retroactive amendment are deemed illusory and do not constitute consideration to create an enforceable contract. See Frye, 321 S.W.3d at 442-445; see also Morrow, 273 S.W.3d at 20 (Ahuja, J., concurring) (quoting Am. Laminates, Inc., v. J.S. Latta, Co., 980 S.W.2d 12, 23 (Mo.App.1998)); Carey v. 24 Hour Fitness, USA, Inc., 669 F.3d 202 (5th Cir. 2012) (provision permitting unilateral amendment to arbitration agreement by employer is an illusory promise; reasonable advance notice and language denoting prospective application of amendments are required). Consequently, Bristol’s alleged mutual promise to arbitrate is not valid consideration to support the arbitration agreement.
Conclusion
Baker’s continued at-will employment and Bristol’s promise to resolve claims through arbitration do not provide consideration to form a valid arbitration agreement. The judgment overruling appellant’s motion to compel arbitration is affirmed.
RUSSELL, C.J., STITH and draper, JJ., concur; WILSON, J., dissents in separate opinion filed; BRECKENRIDGE and FISCHER, JJ., concur in opinion of WILSON, J.

. The lack of an enforceable arbitration agreement between Bristol and Baker renders it unnecessary to consider the remaining points on appeal. Those points consist of Appellants' argument that the agreement was not unconscionable and that it did not apply to Furnell as Bristol’s president.

. All references to statutes are to RSMo 2000.

. The principal federal case is Berkley v. Dillard’s Inc., 450 F.3d 775, 777 (8th Cir.2006). In Berkley, the Eighth Circuit held that continued employment constitutes consideration and acceptance sufficient to create an enforceable contract. Subsequent federal district court cases have followed Berkley. See Canterbury v. Parsons Constructors, Inc., 2009 WL 899661 (W.D.Mo. March 27, 2009) (expressly declining to follow Morrow and holding, consistent with Berkley, that continued employment is adequate consideration to create an enforceable arbitration agreement).

. The dissent lists the various arbitration promises that both parties made. The list is accurate. The list overlooks the fact that each of these arbitration-related promises is subject to unilateral modification or abrogation by Bristol. Just as adding several zeros equals zero, adding several illusory promises equals an illusory promise.