

# In the Missouri Court of Appeals
## Eastern District
### DIVISON FOUR

| | | |
|---|---|---|
| ANTONIO BOWERS, | ) | No. ED102229 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| ASBURY ST. LOUIS LEX, LLC d/b/a | ) | |
| PLAZA LEXUS, ASBURY | ) | Honorable Barbara W. Wallace |
| AUTOMOTIVE GROUP, INC. and | ) | |
| CURTIS B. YETTKE, | ) | |
| | ) | |
| Appellants. | ) | Filed: July 7, 2015 |

### *Introduction*

Asbury St. Louis LEX, LLC, d/b/a Plaza Lexus and Curtis Yettke[1] (Defendants) appeal

the order of the Circuit Court of St. Louis County denying their motion to stay proceedings and

compel arbitration in an employment discrimination action filed by Antonio Bowers (Plaintiff).

Defendants claim the trial court erred because Plaintiff executed a valid and enforceable

arbitration agreement. We affirm.

### *Factual and Procedural Background*

Plaintiff began working for Plaza Lexus as a service porter on December 16, 2010. On

his first day of work, Plaintiff attended an orientation and received various documents requiring

his signature, including an Agreement to Arbitrate (Agreement). The Agreement provided:

---

[1] Curtis Yettke was Plaintiff's supervisor at the time of Plaintiff's resignation.

I accept the Company's offer to arbitrate and agree that any dispute of a legal nature arising under federal, state, or local law between me and the Company, including any such claim regarding Company property, discrimination, harassment, or any other legal dispute relating to my employment or arising under any labor, employment or civil rights law, will be subject to final and binding arbitration in accordance with the terms of the Company's Arbitration Policy and Arbitration Rules. I understand that the arbitrator, who will serve as judge and jury, has the same authority to award money damages and other relief as does a court or jury. I also understand that, while the Employee Handbook is otherwise subject to change at the Company's discretion, this Agreement to Arbitrate and the Company's Arbitration Policy will be binding and irrevocable for the Company and me as written, with respect to any claim arising while this Agreement is in effect.

Plaintiff signed and dated the Agreement. The Agreement did not contain a signature line for management and no representative of Defendants signed the document. The Arbitration Rules referred to in the Agreement contained the following modification provision:

The Company may change these Rules from time to time to reflect developments in the law and to ensure the continued efficiency of the arbitration process. If the Rules are changed, the Company shall provide at least thirty days['] notice of the proposed change by posting a written notice at each of the Company's places of business where employees subject to the Arbitration Agreement are employed or by other means designed to alert employees to the change. Such notice shall clearly state the change or changes to the Rules and the effective date of such change or changes. If an employee does not wish to agree to the change, the employee may opt out by sending the Arbitration Administrator a written statement to that effect, prior to the effective date of the change. In that case, the previous Arbitration Rules shall govern. Failure of an employee to opt out during the thirty day period shall constitute agreement to the changes.

Plaintiff also signed an "Acknowledgment of Receipt of Team Member Handbook and Arbitration Rules" (Acknowledgment). In the Acknowledgement, Plaintiff affirmed "that I am aware that I can access the Company Handbook and Arbitration Rules by accessing 'My Drivers Seat'" and "if needed the Company will print the Handbook and Arbitration Rules for me." The Acknowledgement further stated:

I understand that the Company Handbook and Arbitration Rules represent only the current policies, regulations, rules, and benefits, and that it does not create

2

a contract of employment. Regardless of what the Handbook or Rules states or provides, the Company retains the right to add or change the terms of compensation benefits, policies, rules, and all other working conditions without obtaining another person's consent or agreement.

Plaintiff resigned his employment in August 2013 and subsequently filed a claim with the Missouri Human Rights Commission. After receiving notice of right to sue, Plaintiff filed a petition against Defendants alleging that they discriminated against him on the basis of race in violation of the Missouri Human Rights Act.

Defendants filed a motion to stay proceedings and compel arbitration requesting the trial court enforce the Agreement, which they alleged was "a valid and enforceable contract under Missouri law." Attached to the motion, Defendants filed a copy of the Agreement and the affidavit of Plaza Lexus's human resources manager.

Plaintiff opposed the motion arguing that the Agreement did not satisfy the essential requirements for formation of a contract and was therefore invalid and unenforceable. Specifically, Plaintiff asserted that there was no unequivocal acceptance because Plaintiff "had only very vague, general knowledge that an arbitration plan existed" and did not receive a copy of the Arbitration Rules prior to signing the Agreement. Plaintiff also contended that the Agreement was not supported by consideration because the Agreement contained promises by Plaintiff only and any promises made by Defendants were rendered illusory by Defendants' unilateral right to modify the Arbitration Rules.[2] With his suggestions in opposition to Defendants' motion to stay proceedings and compel arbitration, Plaintiff filed the Arbitration Rules and his own affidavit.

---

[2] Plaintiff argued in the alternative that, if a valid arbitration agreement existed, his claims were outside the scope of the Agreement and the Agreement was unconscionable.

3

The trial court entered an order on December 2, 2014 denying Defendants' motion to stay proceedings and compel arbitration. The order did not contain any factual findings or legal conclusions. Defendants appeal.[3]

### *Standard of Review*

"The issue of whether arbitration should be compelled is a question of law subject to de novo review." Baker v. Bristol Care, Inc., 450 S.W.3d 770, 774 (Mo. banc 2014). "However, issues relating to the existence of an arbitration agreement are factual and require our deference to the trial court's findings." Baier v. Darden Rests., 420 S.W.3d 733, 736 (Mo.App.W.D. 2014) (quoting Katz v. Anheuser-Busch, Inc., 347 S.W.3d 533, 539 (Mo.App.E.D. 2011)). Here, the trial court made no factual findings. Rule 73.01(c) directs that "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c).

In this case, our review of the trial court's determination as to the existence of an agreement is analogous to that in a court-tried case. Katz, 347 S.W.3d at 544. The trial court's determination as to the existence of an agreement "will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." Id. (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)). The party seeking to compel arbitration has the burden of proving the existence of a valid and enforceable arbitration agreement. Sniezek v. Kansas City Chiefs Football Club, 402 S.W.3d 580, 583 (Mo.App.W.D. 2013).

---

[3] An order denying a motion to compel arbitration is appealable pursuant to Section 435.440.1(1). All statutory references are to RSMO 2000 as supplemented unless otherwise indicated.

4

*Discussion*

In their sole point, Defendants claim the trial court erred in denying their motion to stay proceedings and compel arbitration because the Agreement satisfies the criteria of a legally enforceable contract and is therefore "valid, enforceable, and binding." Defendants further contend that arbitration is appropriate because Plaintiff's claims fall within the scope of the Agreement. Plaintiff counters that the trial court properly refused to stay proceedings and compel arbitration because the Agreement is unenforceable.

"It is a firmly established principle that parties can be compelled to arbitrate against their will only pursuant to an agreement whereby they have *agreed* to arbitrate claims." Whitworth v. McBride & Son Homes, Inc., 344 S.W.3d 730, 737 (Mo.App.W.D. 2011) (emphasis in original) (quoting Morrow v. Hallmark Cards, Inc., 273 S.W.3d 15, 21 (Mo.App.W.D. 2008)). When deciding whether to compel arbitration, a trial court must first determine whether there exists an enforceable agreement to arbitrate.[4] State ex rel. Hewitt v. Kerr, No. SC 93846, 2015 WL 2061986, at *5 (Mo. banc 2015). "A court determines the validity of an arbitration agreement by applying state contract law principles." Id. "The essential elements of any contract, including one for arbitration, are offer, acceptance, and bargained for consideration." Baker, 450 S.W.3d at 774 (internal quotation omitted).

"Consideration consists either of a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party." Id. (quoting Morrow, 273 S.W.3d at 25). "[I]f a contract contains mutual promises imposing legal duty or liability on each party as a promisor to the other party as a promise[e], the contract is a bilateral contract supported by

---

[4] "If a valid arbitration agreement exists, the second factor to consider is whether the dispute falls within the scope of the agreement." Baier, 420 S.W.3d at 737 n.3. "If so, the third factor to consider is whether the arbitration agreement is subject to revocation under applicable contract principles." Id. (internal quotation omitted).

sufficient consideration." Sniezek, 402 S.W.3d at 584 (internal quotation omitted). However, to constitute consideration, the promises must be binding, not illusory. Baker, 450 S.W.3d at 776. "A promise is illusory when one party retains the unilateral right to amend the agreement and avoid its obligations." Id.

The Supreme Court's decision in Baker guides our decision here. In Baker, the Supreme Court held that the employer's alleged promise to arbitrate was illusory because the arbitration agreement provided that the employer "reserves the right to amend, modify, or revoke this agreement upon thirty (30) days' prior written notice to the Employee." Baker, 450 S.W.3d at 773. The Court explained that, because the arbitration agreement did not limit the employer's "authority to modify the arbitration agreement unilaterally and retroactively," the arbitration agreement did not preclude the employer "from giving [the plaintiff] prior written notice that, effective in thirty days, [the employer] retroactively is disclaiming a promise made in the arbitration agreement." Id. at 776, 777. The Court concluded: "Contracts, like the arbitration agreement in this case, that permit unilateral, retroactive amendment are deemed illusory and do not constitute consideration to create an enforceable contract." Id. at 777.

Defendants assert that Baker is distinguishable because, unlike the employer in Baker, Defendants did not retain the unilateral right to modify the Agreement. Defendants rely on the language of the Agreement stating that "this Agreement to Arbitrate and the Company's Arbitration Policy will be binding and irrevocable for the Company and me as written . . . ." However, the Agreement also provided that any dispute arising between Plaintiff and Defendants would "be subject to final and binding arbitration in accordance with the terms of the . . .

6

Arbitration Rules."[5] The Arbitration Rules, in turn, expressly allowed Defendants to "change these Rules from time to time," and the sole limitation on Defendants' right to modify the Agreement was a requirement that Defendants provide "at least thirty days['s] notice of the proposed change . . . ." Additionally, the Acknowledgement stated: "[T]he Company retains the right to add or change the terms of . . . rules, and all other working conditions without obtaining another person's consent or agreement." As the <u>Baker</u> Court held, the fact that Defendants "must give prior written notice of an amendment to the [Agreement] does not preclude [Employer] from giving [Plaintiff] prior written notice that, effective in thirty days, [Employer] retroactively is disclaiming a promise made in the [Agreement]." <u>Baker</u>, 450 S.W.3d at 777. For example, Defendants could avoid an unfavorable arbitration ruling by providing Plaintiff notice that, effective in thirty days, they would modify "Rule 2: Time Limits" of the Arbitration Rules, rendering Plaintiff's claim untimely and therefore waived.

In their reply brief, Defendants assert that the modification provision contained in the Arbitration Rules "are of no consequence to the determination of whether there is valid consideration supporting the agreement" because they were not incorporated into the Agreement. Defendants correctly assert that the "mere mention" of an extrinsic document does "not incorporate the terms of those documents into [an a]greement." <u>Sniezek</u>, 402 S.W.3d at 584. "To incorporate terms from another document, the contract must make clear reference to the document and describe it in such terms that its identity may be ascertained beyond a doubt." <u>State ex rel. Hewitt</u>, 2015 WL 2061986, at *7 (internal quotation omitted).

---

[5] In addition, the Acknowledgment stated: "Regardless of what the Handbook or Rules states or provides, the Company retains the right to add or change the terms of compensation, benefits, policies, rules, and all other working conditions without obtaining another person's consent or agreement."

In this case, Defendants did more than merely mention the Arbitration Rules in the Agreement. Additionally, the first sentence of the Arbitration Rules states: "These Arbitration Rules ("Rules") are *expressly incorporated* into the parties' Arbitration Agreement and shall govern the conduct of the Arbitration." (emphasis added). As the Agreement and Arbitration Rules each referenced the other, "it appears the parties intended to read the two documents together." Whitworth, 344 S.W.3d at 739. Defendants' reservation of their right to modify the Arbitration Rules rendered their promise to arbitrate illusory. As a result, Defendants' alleged promise to arbitrate did not constitute valid consideration to support the Agreement.

Because Defendants did not sustain their burden to establish that the Agreement was supported by consideration, the trial court did not err in refusing to stay the proceedings and compel arbitration.[6] Point denied.

### Conclusion

The judgment of the trial court is affirmed.

_____
Patricia L. Cohen, Presiding Judge

Roy L. Richter, J., and
Robert M. Clayton III, J., concur.

---

[6] Because the trial court could have found no enforceable arbitration agreement was formed between Plaintiff and Defendants, we need not address whether the Agreement is unenforceable for lack of offer and acceptance. Nor need we consider whether Plaintiff's claims fall within the scope of the Agreement.