Lobel's contention is without merit, as the arbitrator did not disregard or modify unambiguous provisions of the arbitration agreement. In relevant part, the arbitration agreement provides:
• EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.
• YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.
....
You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. "Claim" means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to:
1. the credit application;
2. the purchase of the Property;
3. the condition of the Property;
4. this Contract;
5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or
6. any related transaction, occurrence or relationship.
This includes any Claim based on common or constitutional law, contract, tort, statute, regulation, or other ground. To the extent allowed by law, the validity, scope, and interpretation of this arbitration provision are to be decided by neutral, binding arbitration.
If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Rather, the Claim will be arbitrated on an individual basis, and not on a class or representative basis.
....
.... The arbitrator will decide any dispute regarding arbitrability of a Claim....
....
You or we can do the following without giving up the right to require arbitration:
• Seek remedies in small claims court for Claims within the small claims court's jurisdiction, or
• Seek judicial provisional remedies.
If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.
This arbitration provision survives ... (ii) any legal proceeding by you or us to collect a debt owed by the other....
Construing these provisions, the arbitrator's award determined that Lobel no longer had the right to seek arbitration to determine its deficiency because it had already elected to seek that remedy in a court. This determination is consistent with the unambiguous language of the arbitration agreement. Lobel plainly had the right to "elect to resolve [its deficiency claim] by neutral, binding arbitration and not by a court action." However, Lobel did not, in the first instance, elect arbitration to resolve its deficiency claim. It elected a court action. There is no provision in the arbitration agreement that permits Lobel to change its initial election.
*94 In fact, and to the contrary, although the arbitration agreement says the arbitration provision survives "any legal proceeding by you or us to collect a debt owed by the other," it also unambiguously provides that an election to seek judicial relief will not be viewed as "giving up the right to require arbitration" in only two scenarios, neither of which apply to this case: where remedy is sought in small claims court, or where judicial provisional remedies are sought. And the arbitration agreement unambiguously provides that"[i]f a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim." (Emphasis added.) The arbitrator did not exceed her powers by concluding, based on the unambiguous language of the arbitration agreement, that "[u]nder the terms of the RICSA, once Lobel chose to pursue its deficiency claim in court, Lobel no longer had the right to pursue the deficiency claim in arbitration."[4]
Lobel tacitly concedes this point. In the argument portion of its Brief, Lobel does not argue that it had the right to seek arbitration of its deficiency claim after electing to file that claim in a court. Instead, Lobel argues that it had the right to require Bothel to arbitrate his counterclaim and that the arbitrator's award disregarded this right. Of course, Lobel never sought to compel arbitration of only Bothel's counterclaim. Lobel's Motion to Compel asked the trial court to "enforce the arbitration agreement between the parties, [and] to compel arbitration of all pending claims ," and argued that the trial court "is not an appropriate forum for the resolution of [Lobel's] and [Bothel's] claims," such that the trial court "should stay this case and compel [Bothel] to arbitrate his claims and [Lobel's] deficiency claim." (Emphasis added.) The trial court afforded Lobel precisely the relief Lobel requested. In the arbitration proceedings, Lobel's written submissions to the arbitrator continued to demand arbitration of "ALL pending claims." Lobel cannot complain that the arbitrator's award deprived it of the right to insist only on the arbitration of Bothel's counterclaim when Lobel never sought to enforce that alleged right.
In any event, Lobel's argument presumes that Lobel would have been entitled to compel arbitration of only Bothel's counterclaim. Though the arbitration agreement does provide that a decision not to elect arbitration of a claim will not foreclose a party from insisting on arbitration of "any other Claim," Lobel urged the *95 arbitrator to construe Lobel's claim for deficiency and Bothel's counterclaim as "not entirely independent," and as "two interdependent and inextricably intertwined claims," the separation of which would result in "inefficient and bifurcated litigation of this matter." In entering Order #2, the arbitrator obviously agreed with Lobel, as once the arbitrator determined that Lobel had waived its right to elect to arbitrate its deficiency claim, she referred the entire matter, including Bothel's "interdependent and inextricably intertwined" counterclaim, back to the trial court for disposition. The arbitration agreement describes a "Claim" as "any claim, dispute or controversy between you and us ... arising from or relating to ... this Contract ... includ[ing] any Claim based on common ... law, contract, tort, statute, regulation, or other ground." As Lobel argued before the arbitrator, Lobel's right to recover a deficiency under the RICSA depended on its compliance with statutes Bothel argued had been violated, affording Bothel a right of recovery. The arbitrator did not exceed her powers by treating Lobel's claim and Bothel's counterclaim as a single integrated "Claim" as that term is defined by the arbitration agreement.
Undeterred, Lobel attempts on appeal to differentiate between its claim to recover a deficiency and Bothel's counterclaim. It is true that once Lobel filed its deficiency claim in a court, the Missouri Rules of Civil Procedure required Bothel to assert any corollary right to recover from Lobel in a separate compulsory counterclaim. However, the Missouri Rules of Civil Procedure are of no relevance to construction of the arbitration agreement, as the arbitration agreement expressly provides that it is "governed by the FAA to the exclusion of any different or inconsistent state or local law." The definition of "Claim" in the arbitration agreement includes no reference to differentiating claims based on whether they were required to be pled separately in a court action.
The arbitrator did not exceed her powers in referring Lobel's claim and Bothel's counterclaim back to the trial court for disposition.
Point denied.
Conclusion
The trial court's Judgment confirming the arbitrator's award, and denying Lobel's motion to vacate the award, is affirmed.
All concur

After reaching this conclusion, the arbitrator's award cited to the Missouri Supreme Court's decision in Triarch Industries, Inc. v. Crabtree , 158 S.W.3d 772 (Mo. banc 2005). Lobel argues that the arbitrator's reliance on Triarch was erroneous. We disagree. In Triarch , our Supreme Court noted the difference between the right to arbitrate as a matter of contract construction and waiver of the right to arbitrate based on principles of estoppel. Id. at 776-77 (holding that judicially determined waiver of the right to arbitrate where a party knows of the right to arbitrate, and acts inconsistently with that right to the prejudice of the other party, is to be distinguished from whether an arbitration contract affords the right to compel arbitration in the first place). Here, the trial court's initial judgment compelling arbitration found that Lobel had not judicially waived its right to compel arbitration, even though it knew of the right and acted inconsistently with it, because Bothel was not prejudiced by Lobel's filing of a court action. The arbitrator's citation to Triarch after finding that Lobel did not have the contractual right to elect to arbitrate its deficiency claim signposted the arbitrator's recognition that her finding that Lobel no longer had the right to elect to arbitrate its deficiency claim based on the plain language of the RICSA was distinguishable from the trial court's determination that Lobel had not judicially waived the right to compel arbitration by first filing a court action.