

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| ASHLEY DILL, | ) | No. ED113090 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | 24SF-AC00270 |
| | ) | |
| JASON HALE AND AUTOCENTERS | ) | |
| BONNE TERRE, LLC, | ) | Honorable Robin E. Fulton |
| | ) | |
| Appellants. | ) | Filed:  June 3, 2025 |

Jason Hale ("Defendant Hale") and AutoCenters Bonne Terre, LLC ("Defendant

AutoCenters") (collectively "Defendants") appeal the trial court's order denying Defendants'

motion to compel arbitration.  We affirm in part and reverse and remand in part.

## I.     BACKGROUND

On August 28, 2024, Ashley Dill ("Plaintiff") filed a petition alleging claims against

Defendants for a violation of the Missouri Merchandising Practices Act, breach of contract,

unjust enrichment, and fraud, all relating to a vehicle purchased by Plaintiff from Defendants.

Defendants subsequently filed a motion to compel arbitration, arguing Plaintiff signed a binding

arbitration agreement (the "Arbitration Agreement" or "Agreement") at the time she purchased

the vehicle.

Plaintiff purchased the vehicle and signed "a large stack of documents" on April 12,

2023.  The record in this case includes an installment contract and security agreement

("Installment Contract") and the Arbitration Agreement, both of which contain Plaintiff's signature and are dated April 12, 2023. The Arbitration Agreement states, in relevant part, that "any claim, controversy[,] or dispute" between Plaintiff "and [Defendant AutoCenters] or [Defendant AutoCenters'] employees, agents, successors[,] or assigns, arising out of . . . the [] Installment [] Contract . . . or any related transaction or relationship" shall be referred to arbitration. Although Plaintiff signed the Arbitration Agreement on April 12, 2023, the document contains no signature for Defendant AutoCenters.

The trial court requested argument from the parties along with the submission of briefs and affidavits in support of their respective positions regarding the enforceability of the Arbitration Agreement. The court subsequently issued an order denying Defendants' motion to compel arbitration, finding, *inter alia*, the Arbitration Agreement is unenforceable because: (1) it lacks a "recital of separate consideration to independently support itself"; and (2) "Plaintiff [was] the only party to sign the [] Agreement" and "Defendant Hale is not a party to the [] Agreement[.]" This appeal followed.[1]

## II.    DISCUSSION

On appeal, Defendants raise two points arguing the trial court erred in denying their motion to compel arbitration because the Arbitration Agreement is valid and enforceable. In response, Plaintiff claims: (1) the trial court properly denied Defendants' motion to compel because the Agreement is unenforceable; and (2) in the alternative, both Defendants have no right to seek enforcement of the Arbitration Agreement.

---

[1] To avoid unnecessary repetition, additional facts relevant to this appeal will be set forth in Section II.B. of this opinion.

**A.        Standard of Review**

This Court reviews *de novo* a trial court's denial of a motion to compel arbitration.[2] *Ruhl v. Lee's Summit Honda*, 322 S.W.3d 136, 138 (Mo. banc 2010). Whether an arbitration agreement is valid and enforceable is also a question of law subject to *de novo* review. *Lange v. GMT Auto Sales, Inc.*, 708 S.W.3d 147, 150 (Mo. banc 2025). We apply Missouri contract law in determining the validity of an arbitration agreement. *Bridgecrest Acceptance Corporation v. Donaldson*, 648 S.W.3d 745, 751 (Mo. banc 2022).

**B.        Analysis**

Based upon the parties' arguments on appeal, we now consider whether: (1) the trial court erred in denying Defendants' motion to compel arbitration on the grounds that the Arbitration Agreement independently lacks sufficient consideration; and (2) the trial court erred in finding the Arbitration Agreement is unenforceable as to Defendant AutoCenters and Defendant Hale.

**1.        The Trial Court Erred In Denying Defendants' Motion to Compel Arbitration on the Grounds that the Arbitration Agreement Independently Lacks Sufficient Consideration**

Defendants argue the trial court erred in denying their motion to compel arbitration on the grounds that the Arbitration Agreement independently lacks sufficient consideration. We agree.

Consideration, an essential element of a valid contract, "consists either of a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party." *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. banc 2014) (citation omitted). It is well-established Missouri law that courts are to evaluate a contract as a whole

_____

[2] A separate standard of review applies when there is a factual dispute over the existence of an arbitration agreement. *Nelson Trucking, LLC v. K&M Translogic, LLC*, 696 S.W.3d 407, 417 (Mo. App. W.D. 2024). However, in this case there is no dispute as to the existence of the Arbitration Agreement and the parties make only legal arguments regarding the trial court's denial of Defendants' motion to compel arbitration. Accordingly, the sole applicable standard of review is *de novo*. *See id*.

when determining whether it contains sufficient consideration rather than looking only at the consideration given for an agreement to arbitrate. *Bridgecrest*, 648 S.W.3d at 752. Furthermore, "[e]ven in the absence of explicit incorporation, contemporaneously signed documents relating to one subject matter or transaction are construed together except when the realities of the situation indicate that the parties did not so intend." *Id*. at 752 n.5 (citation and internal quotations omitted).

The record in this case includes the Installment Contract and the Arbitration Agreement, both of which contain Plaintiff's signature and are dated April 12, 2023. Plaintiff admitted to signing "a large stack of documents" on April 12, 2023, the day she purchased a vehicle from Defendants. Accordingly, the Installment Contract and Arbitration Agreement were signed contemporaneously and relate to the same subject matter and transaction – Plaintiff's purchase of a vehicle. *See id*. These details reveal a clear intent that the Installment Contract and Arbitration Agreement are part of the same contract, and thus we construe them together when evaluating whether sufficient consideration supports the contract as a whole. *See id*. at 752-53, 752 n.5.

We find sufficient consideration supports the contract as a whole when construing the Installment Contract and Arbitration Agreement together. *See id*.; *Baker*, 450 S.W.3d at 774. Plaintiff was supplied with a vehicle in exchange for, *inter alia*, a promise to pay and a promise to arbitrate most potential claims she might bring.[3] *See id*. Because sufficient consideration supports the contract as a whole, the trial court erred in denying Defendants' motion to compel

---

[3] The Arbitration Agreement contains exceptions stating the parties are not required to arbitrate "[m]atters involving an amount in controversy of less than $5,000" and "[m]atters involving repossession rights or seizure of personal property, collateral[,] or other security."

arbitration on the grounds that the Arbitration Agreement independently lacks sufficient consideration.[4]  *See id*.

> ## 2. The Trial Court Erred in Finding the Arbitration Agreement is Unenforceable as to Defendant AutoCenters But Did Not Err in Finding the Agreement Unenforceable as to Defendant Hale

Defendants also argue the trial court erred in denying their motion to compel arbitration on the grounds that the Arbitration Agreement is unenforceable because Plaintiff was the only party to sign the Agreement.  In response, Plaintiff argues the lack of a signature from Defendant AutoCenters on the Arbitration Agreement itself invalidates the Agreement and further contends Defendant AutoCenters cannot seek to enforce the Agreement because it assigned its rights under the Installment Contract to a third party.  Plaintiff also contends Defendant Hale cannot seek to enforce the Arbitration Agreement because he is not a party to the Agreement.[5]

Defendant AutoCenters' failure to sign the Arbitration Agreement does not make the Agreement unenforceable.  This is true because as a party seeking to enforce the Arbitration Agreement, Defendant AutoCenters need not have signed the Agreement.  *See Mead v. Moloney Securities Co., Inc.*, 274 S.W.3d 537, 543 (Mo. App. E.D. 2008) (holding that a failure to sign and date arbitration provisions within a contract by the party seeking to enforce arbitration did not render the provisions unenforceable).  Furthermore, as discussed above, we construe the Arbitration Agreement together with the Installment Contract, and the Installment Contract

---

[4] The trial court also found "the Arbitration [Agreement] lacks mutuality between the parties" because it contains an illusory promise due to the exception in the Agreement stating the parties are not required to arbitrate "[m]atters involving repossession rights or seizure of personal property, collateral[,] or other security."  However, mutuality is satisfied when there is sufficient consideration as to the whole contract, regardless of whether an agreement to arbitrate itself is one-sided.  *Bridgecrest*, 648 S.W.3d at 752-53.  Because we hold there is sufficient consideration as to the whole contract in this case, mutuality is satisfied and the contract contains no illusory promise.  *See id.*; *see also Baker*, 450 S.W.3d at 776-77.

[5] Plaintiff's brief on appeal uses the term "standing" when arguing Defendants are unable to seek enforcement of the Arbitration Agreement and cites legal precedent relevant to "standing as a general concept of justiciability."  *See Thieret Family, LLC v. Delta Plains Services, LLC*, 637 S.W.3d 595, 603 n.4 (Mo. App. E.D. 2021).  However, the substance of Plaintiff's argument regarding the enforceability of a contractual agreement to arbitrate does not invoke issues of justiciability, and thus we avoid using the term "standing" in this opinion to prevent any confusion.  *See id*.

contains multiple signatures from a representative of Defendant AutoCenters. *See* Section II.B.1 of this opinion; *Bridgecrest*, 648 S.W.3d at 752-53, 752 n.5. Based on the foregoing, the trial court erred in finding the Arbitration Agreement is unenforceable as to Defendant AutoCenters because Plaintiff was the only party to sign the agreement.

As to Plaintiff's contention that Defendant AutoCenters cannot seek to enforce the Arbitration Agreement because it assigned its rights under the Installment Contract to a third party, the plain language of the Arbitration Agreement directly refutes this argument. The Arbitration Agreement states, in relevant part, that "any claim, controversy[,] or dispute" between Plaintiff "and [Defendant AutoCenters] *or [Defendant AutoCenters'] employees, agents, successors[,] or assigns*, arising out of . . . the [] Installment [] Contract . . . or any related transaction or relationship" shall be referred to arbitration. (emphasis added). The plain language of the Arbitration Agreement makes clear that Defendant AutoCenters intended to retain the right to arbitrate after assignment of Plaintiff's Installment Contract. The Agreement specifically refers to Defendant AutoCenters or any of its "employees, agents, successors[,] or assigns," meaning Defendant AutoCenters remained a party to the Agreement after assignment. *See Lange*, 708 S.W.3d at 153-54 (under similar circumstances, rejecting an argument that a party to an arbitration agreement lost its right to compel arbitration after assignment of a sales installment contract).

Finally, the trial court specifically found the Arbitration Agreement unenforceable as to Defendant Hale because he is not a party to the Agreement. Defendants do not challenge the trial court's finding as to Defendant Hale on appeal, and thus fail to meet their burden of overcoming our presumption that the trial court's judgment is correct. *See Geiler v. Liberty*

6

*Insurance Corporation*, 621 S.W.3d 536, 547 (Mo. App. W.D. 2021).[6]  Accordingly, the trial court did not err in finding the Arbitration Agreement unenforceable as to Defendant Hale.

**3.      Conclusion as to Defendants' Points on Appeal**

Based on the foregoing, Defendants' points on appeal are granted as to Defendant AutoCenters and denied as to Defendant Hale.

### III.    CONCLUSION

The portion of the trial court's judgment finding the Arbitration Agreement unenforceable as to Defendant Hale is affirmed.  The portions of the trial court's judgment finding the Arbitration Agreement unenforceable as to Defendant AutoCenters are reversed, and we remand the cause for further proceedings consistent with this opinion.

_____
ROBERT M. CLAYTON III, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.

---

[6] Furthermore, while the plain language of the Arbitration Agreement in this case explicitly states that it applies to both Defendant AutoCenters and to its "employees, agents, successors[,] or assigns," Defendants make no argument on appeal that Defendant Hale falls into one of these categories.